## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRIAN BALZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-1132-KMH |
| | ) | |
| SOUTH KANSAS AND OKLAHOMA | ) | |
| RAILROAD, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the parties' motions in limine. (Doc. 64 & 68). For the reasons set forth below, the motions shall be GRANTED IN PART and DENIED IN PART.

### Background

This is a FELA action to recover damages for injuries alleged to have occurred while plaintiff was working for the South Kansas and Oklahoma Railroad, Inc. (SKO). Highly summarized, plaintiff asserts that he injured his back when he attempted to "couple" a locomotive to a rail car.

**Defendant's Motion In Limine**

Defendant moves to preclude "any discussion in opening statement, questioning of witnesses or argument" of eight topics.  Plaintiff does not oppose defendant's request concerning the following topics:

      1. defendant's liability insurance;

      2. defendant's ability to pay any judgment;

      3. plaintiff's unrelated claims against defendant;

      4. general unsafe practices unrelated to the coupling of the locomotive and railcar;

      5. unrelated accidents;

      6. subsequent remedial measures; and

      8. the filing of this motion.

Because plaintiff does not oppose the defendant's request concerning the above listed topics, defendant's motion shall be GRANTED on items 1-6 and 8.[1]

With respect to topic number 7, defendant argues that "it appears that counsel for plaintiff has been communicating with Robert Balzer in violation of Kan. S. Ct. Rule 4.2,

---

[1] This ruling is conditional.  Should defendant "open the door to the introduction of such evidence," plaintiff may seek permission, outside the presence of the jury, to revisit this ruling.

without obtaining consent or permission from defendant."[2]  Defendant seeks an order limiting plaintiff's questioning of Robert at trial.  For the reasons set forth below, the motion concerning topic 7 shall be denied.

Kansas Rule of Professional Conduct 4.2, as adopted by the Kansas Supreme Court, provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

In the case of an organization represented by counsel, the Rule prohibits a lawyer from communicating with "persons having a managerial responsibility ... any person whose act or omission ... may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission of the part of the organization."  Hammond v. Junction City, Kansas, 167 F. Supp. 1271, 1281 (D. Kan. 2001).  Defendant argues that (1) Robert's deposition testimony "leads to the conclusion" that plaintiff's counsel contacted Robert before the deposition and (2) a recent letter from plaintiff's counsel "makes it clear" that counsel has engaged in improper communications with Robert Blazer.

Plaintiff counters defendant's argument with affidavits from counsel that they have never spoken or corresponded with Robert Balzer and that information in a recent letter came

---

[2]

Robert Balzer is (1) employed by defendant, (2) plaintiff's brother and (3) the only other witness present when plaintiff was attempting to couple the locomotive to the railcar.  In addition, Robert recently advised his brother (plaintiff) why defendant would not rehire him.

from statements Robert Balzer made to plaintiff when his brother asked why the railroad would not rehire him.  Counsel represent that they did not direct or instruct plaintiff to question Robert Balzer on their behalf.  Under the circumstances, the court is not persuaded that defendant has established that plaintiff's counsel violated Rule 4.2.[3]  Accordingly, defendant's motion in limine concerning topic 7 shall be DENIED.

## Plaintiff's Motion in Limine

Plaintiff moves for an order precluding "any discussion in opening statement, questioning of any witness or in argument" concerning seven topics.  Defendant does not oppose plaintiff's request concerning the following topics:

> 1. sick or disability benefits from the Railroad Retirement Board;
>
> 2. the Americans with Disabilities Act (ADA);
>
> 6. hiring an attorney; and
>
> 7. the amount of the prayer in the complaint or that plaintiff is asking for more than he expects to receive.

Because defendant does not oppose plaintiff's request concerning the above listed topics,

---

[3]

Defendant apparently has never asked its employee, Robert Balzer, whether he had any meetings or communications with plaintiff's counsel.  The failure to investigate and question its own employee before accusing opposing counsel of unprofessional conduct is troubling.

plaintiff's motion shall be GRANTED on items 1, 2, 6, and 7.[4]

## Topic 3

Plaintiff seeks to preclude any reference to "prior discipline at work, any related work incidents, any prior absenteeism at work or any evidence of prior 'bad acts' involving plaintiff." Plaintiff argues that such evidence is "improper character evidence and has no relation to the events that are the subject matter of this case" and prohibited by Fed. Rule Evid. 404(b). Plaintiff contends that the evidence is only offered "in an attempt to sully plaintiff's character and discredit him." Defendant counters that such evidence is admissible to show plaintiff's dishonesty and prior inconsistent statements.

Rule 404(b) precludes "evidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show actions in conformity therewith." However, Rule 404(b) also provides that "other crimes, wrongs or acts" may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Moreover, evidence of the truthful character of a witness is governed by Fed. Rule Evid. 607, 608, and 609. See, Fed. Rule. Evid. 404(a)(3). The difficulty with plaintiff's motion is that (1) it is not clear that Rule 404(b) applies to the issue

---

[4]
This ruling is conditional. Should plaintiff "open the door to the introduction of such evidence," defendant may seek permission, outside the presence of the jury, to revisit this ruling.

of credibility and (2) his arguments are too conclusory.[5]  Accordingly, the court is not persuaded that plaintiff has established sufficient grounds for the court to grant his motion in limine concerning topic 3.

## Topic 4

Plaintiff requests an order excluding any reference or evidence concerning previous workers compensation claims or any other injury claims, arguing that such evidence is improper under Fed. Rule Evid. 404(b).  The motion shall be denied because, again, it is not clear that Rule 404(b) has any application to the evidence.  More importantly, evidence of a prior workers compensation claim or work injury appears inconsistent with statements plaintiff made on his employment records with defendant.  Evidence of a prior inconsistent statement is admissible for purposes of impeaching plaintiff's credibility.  In addition, falsifying employment records is a ground for termination and/or refusal to rehire; therefore, the evidence is relevant to the issue of damages.

---

[5]
    For example, it is not clear what "related work incidents" or "prior absenteeism" plaintiff is seeking to avoid.  If the "work incidents" or "absenteeism" relate to work related injuries or prior back injuries, the evidence is relevant to damages.  "Prior discipline" may or may not be relevant to the claims in this case, an issue better raised under Rule 403.  However, the court cannot grant an in limine motion on the limited information presented and the rule argued.

    Plaintiff must assert any objections to evidence during the trial to preserve his objections for appeal.

**Topic 5**

Plaintiff requests an order excluding any reference or evidence concerning any previous back injury, arguing that such evidence is irrelevant.  The court does not agree. At a minimum, the evidence is relevant to defendant's contention that plaintiff falsified his employment record, an independent ground for termination and reason why plaintiff was not rehired.   In addition, plaintiff's prior back injuries are relevant to damage issues. Accordingly, plaintiff's motion in limine concerning topic 5 shall be DENIED.

**IT IS THEREFORE ORDERED** that defendant and plaintiff's motions in limine **(Doc. 64 & 68)** are **GRANTED IN PART and DENIED IN PART**, consistent with the rulings herein.

**IT IS FURTHER ORDERED** that counsel shall instruct their respective witnesses concerning the rulings herein and the topics which are not to be discussed in the presence of the jury.

Dated at Wichita, Kansas this 4th day of February 2009.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge